## No. 101
### SCHEIDERER v. UNION COUNTY COMM.
Ohio Appeals, 3rd Dist., Union Co.

No. 78.   Decided Dec. 2, 1925

323.   COUNTY COMMISSIONERS—Failure of auditor to perform duty in apprising common pleas judge that member of board was interested in assessment of ditch because of owning real estate, so that provisions of 6495 GC. were not followed, does not deprive board of jurisdiction to proceed in premises.

WARDEN, J.

This case was a proceeding in error in the Court of Appeals to reverse the Union Common Pleas judgment in affirming the assessment against George Scheiderer, in Ditch number 1131. Scheiderer claimed that one Mapes was an owner of land to be assessed for this improvement, and was acting in the capacity of county commissioner until the approval of these assessments. He was removed, and another person appointed to act in his stead, by the court. It was claimed that the board thus constituted did not have jurisdiction to construct a ditch or make assessments and therefore the proceedings were void.

It was claimed by Scheiderer that 6472 GC., as amended (effective April 27, 1923) was in effect at the time the appeal in this case was taken and is therefore applicable. The Court of Appeals held:

1. Scheiderer is wrong in this contention for the reason that the amended law provides in effect that all proceedings commenced prior to the taking effect of the amendment, shall proceed under the law as it was prior to the amendment.

2. The purpose of the ditch law is evidently to provide a means for construction of ditches where needed and to get such work accomplished without needless litigation saving only the substantial rights of the parties who pay for the improvement.

3. Under 6495 GC. it was the duty of the county Auditor to report to the common pleas judge of the county, that Mapes a member of the board of county commissioners, was interested party and his real estate would be assessed for this location and construction.

4. Until the auditor notified the common pleas judge of the facts and until the proper appointment was made, the board of county commissioners was a proper board for the construction of the ditch and assessments thereon.

5. The failure of the auditor to perform his duty did not deprive the board of its jurisdiction in the matters before it.

6. It was shown that Scheiderer was assessed his proportionate share of the cost of improvement; and that by the weight of the evidence Scheiderer received no benefits except for a small item that might be charged against him because of tile placed in the ditch which would save him the necessity of cleaning out the ditch in the future.

7. Case remanded to lower court with instructions to enter a judgment reducing Scheiderer's assessment $138.

Attorneys—Richard C. Thrall for Scheiderer; C. C. Fackler for Board; both of Marysville.